**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:25 PM May 16, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| TWIN CITY HOSPITAL, | ) | CASE NO. 10-64360 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6005 |
| | ) | |
| MARK D. KOZEL, CHAPTER 7 TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| GREGG ANDREWS, et al., | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now before the court is Defendants Carol Hoffman, Marge Jentes, Darrell Pancher, John Rypien, Bill Surber, Jim Weaver, Dr. Gregg Andrews, Fred Bollon, Greg DiDonato, Tim McKnight, Rod Rafael, and Doug Ross (hereinafter "Defendants") motion for order of abstention pursuant to 28 U.S.C. § 1334(c)(1) or in the alternative, motion for withdrawal of reference pursuant to 28 U.S.C. § 157(d) ("motion for abstention"), filed on March 12, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

Mark D. Kozel (hereinafter "Plaintiff") is the duly elected chapter 7 trustee of Twin City Hospital (hereinafter "Debtor"). Debtor filed a proceeding under chapter 11 of Title 11 of the United States Code which was subsequently converted to a chapter 7.

## **FACTS**

Plaintiff initiated this adversary proceeding on January 23, 2012 by filing a complaint for breach of the duty of care, negligence, breach of fiduciary duty, reckless conduct, and misrepresentation against Defendants. Plaintiff asserts that Defendants acted improperly by issuing approximately $17.3 million in tax exempt revenue bonds to fund new construction and renovations to Debtor's facilities and to refinance Debtor's outstanding long term obligations while Debtor's finances were in poor condition. On May 2, 2012, the court entered an order confirming that the adversary is a non-core proceeding.

Defendants have divided themselves into two groups, one group comprised of Carol Hoffman, Marge Jentes, Darrell Pancher, John Rypien, Bill Surber, Jim Weaver and the other group comprised of Dr. Gregg Andrews, Fred Bollon, Greg DiDonato, Tim McKnight, Rod Rafael, and Doug Ross. Both groups are represented by the same law firm. Despite this self-imposed division, both groups of Defendants filed the motion for abstention and filed other pleadings related to this matter either jointly or by filing identical pleadings. Accordingly, the court refers to Defendants as one group.

On March 12, 2012, Defendants filed their motion for abstention and filed a reply to Plaintiff's response on April 6, 2012. Defendants ask the court to exercise its permissive authority to abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and allow the matter to be heard by the Tuscarawas County Court of Common Pleas. Defendants argue that permissive abstention is warranted because this adversary proceeding is non-core, based entirely on state law, involves only non-debtor defendants, and requires a trial by jury. In addition, Defendants assert that this adversary proceeding is similar to another case pending in Tuscarawas County and bears no connection to Federal law except that the Debtor filed bankruptcy in this court. Alternatively, Defendants request that, if this court does not abstain, the District Court withdraw the reference pursuant to 28 U.S.C. § 157(d).

On March 14, 2012, the court held an initial pretrial conference and established a briefing schedule on the motion for abstention. On March 19, 2012, the court entered an order providing Plaintiff until March 28, 2012 to file a response to the motion for abstention and providing Defendants until April 6, 2012 to file a reply with any further pleadings by either party to be filed by leave only.

On March 28, 2012, Plaintiff filed a response in opposition to Defendants' motion for abstention. Plaintiff asserts that this court has "related to" jurisdiction over this adversary proceeding and that abstention would result in needless delay of resolution of this matter and administration of the bankruptcy estate. Further, Plaintiff argues that consolidation of this matter

with the similar pending case in Tuscarawas County is impractical because the cases have no common material facts and no common questions of law.

## LAW AND ARGUMENT

28 U.S.C. § 1334(c)(1) provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The court must consider a number of factors to determine whether permissive abstention under § 1334(c)(1) is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

Delphi Auto. Sys., LLC v. Segway, Inc., 519 F.Supp.2d. 662,670-71 (E.D. Mich. 2007); *accord* DeGirolamo v. Applegate, 414 B.R. 209, 216-217 (Bankr. N.D. Ohio 2008). This is a multi-factor balancing test where every element need not be met and not all factors need to weigh in favor of permissive abstention for it to be appropriate. In Delphi, the debtor-plaintiff sued Segway in Michigan state court for breach of contract, the defendant removed to the district court, and debtor-plaintiff moved for remand to state court. The Delphi court found permissive abstention to be appropriate because

> The state law claims asserted in Plaintiff's Complaint predominate over any bankruptcy issue that may arise due to Plaintiff's chapter 11 proceeding. While the state law claims do not appear to be based on any unsettled issues of state law, this Court is convinced that Plaintiff's state law claims are only indirectly related to its bankruptcy case. Moreover, … there is no independent basis for jurisdiction other than 28 U.S.C. § 1334. Finally, the parties' right to a jury trial will be preserved on remand, and the fact that Defendant is a non-debtor party also weighs in favor of discretionary remand.

Delphi, 519 F.Supp.2d at 671.

The Delphi court found that permissive abstention was appropriate with just five factors weighing in favor of abstention. All of the factors that weighed in favor of permissive abstention

in Delphi are present in this matter, as well as two additional factors.

Most importantly, this matter, like Delphi, is comprised entirely of state law claims as the complaint alleges breach of the duty of care, negligence, breach of fiduciary duty, reckless conduct, and misrepresentation against Defendants. While Plaintiff alleges that that this court would have no trouble applying the applicable law to this matter, that is not what the factor asks. Rather, the factor asks that the extent to which state law issues predominate over bankruptcy issues. Since the complaint raises only issues of state law, and no bankruptcy law, this factor weighs in favor of abstention.

For several factors, Plaintiffs asserts that the factors are either irrelevant or neutral. However, Plaintiff is incorrect. The fact that the factors are "neutral" or "irrelevant" weighs in favor of abstention. First, there is no jurisdictional basis, other than 28 U.S.C. § 1334 for this court to hear the matter, which clearly indicates, like in Delphi, that permissive abstention may be appropriate. Second, this is a non-core proceeding, which further weighs in favor of permissive abstention. Third, it is feasible to sever these state law claims from core bankruptcy matters because the entire matter is a non-core proceeding, which, again, indicates that abstention may be appropriate. Together, these three factors weigh strongly in favor of abstention.

In addition, this matter is not related to the main bankruptcy case to any significant degree. Plaintiff argues that the matter is significantly related because, as trustee, he would require authorization from this court to settle or dismiss the claims in state court. This fact alone is not enough to find that the matter is significantly related to the main bankruptcy case. These claims will have no effect on the administration of the main bankruptcy case except to potentially result in a higher distribution to the Debtor's creditors if Plaintiff is ultimately successful.

Moreover, there is an existence of a right to jury trial in this matter, the Defendants have reserved such right, and did not consent to a jury in this forum pursuant to 28 U.S.C. § 157(e). Plaintiff argues that Defendants will retain their right to a jury trial if their alternative relief for the District Court to withdraw the reference is granted. The factor does not ask whether abstention is the only way to preserve a right to a jury trial. Instead, it asks whether there is an existence of a right to a trial jury. In the instant matter, there is a right to a jury trial and, therefore, this factor weighs in favor of abstention.

Finally, all of the Defendants in this matter are non-debtor parties. While Defendants' alleged conduct is related to Debtors, this factor does not ask the relation of non-debtor parties to the debtor. Since all of the Defendants are non-debtor parties, this factor must weigh in favor of abstention.

After reviewing the above factors, the court finds that the factors predominately weigh in favor of permissive abstention. Whether the remaining factors weigh in favor of or against abstention is irrelevant because the seven factors discussed above are sufficient for this court to find that permissive abstention is appropriate.

If the matter is unduly delayed in state court, this court will consider a motion to vacate the order of abstention. Plaintiff is ordered to commence the action in state court within thirty (30)

days of this opinion and order.   Defendants must allow counsel to accept service on their behalf.

An order will be entered simultaneously with this opinion.

#          #          #

**Service List:**

David L. Dingwell
Joshua O'Farrell
220 Market Avenue South
Eighth Floor
Canton, OH 44702

Jonathan M. Yarger
Yarger Radel & Pentz
1111 Superior Avenue, Suite 530
Cleveland, OH 44114